you ready to go yes good morning good morning I'd like to let the court know that the the trial court in this case and as affirmed by the district court and the government take the position where they characterize our position as saying that it's the legal effect of the easement that deprives the Forest Service of jurisdiction in this case and I just want to make sure that the court understands that's not our position our position is that it's the legal effect of the regulation that is basically an indication from the Forest Service that they're abdicating their desire to regulate activity on county and state roads this is clearly indicated by the definition of National Forest System Road itself which is in CFR 36 CFR 261.1 a to the there are two definitions of roads that are given in 261 a or 261.2 of roads there's the Forest Road definition and the National Forest System Road the Forest Road is defined as any road that's wholly or partially within the National Forest Service system or adjacent to I think as well the sole purpose of the term of art of National Forest System Road is to exclude the public roads the county and state roads from the definition of Forest Road there's no other distinction between those two those two terms therefore when the when the term National Forest System Road appears in 261.1 which is the applicability portion of the part it's hard to imagine why they would use the the term of art National Forest System Road whose sole purpose the only distinction between Forest System Road and Forest Road is to exclude public roads from the applicability of that part if that distinction doesn't have any meaning can I ask you maybe to skip ahead because I'm with it with you on 261.1 a to and that is the catch-all yeah an act or a mission that affects yeah that to me is this government's strongest theory and I'd love to hear your analysis of that okay the and I think that's really closely related to the the the doctrine the property clause information I think that a to may be just a codification of the principles that are laid out in those property clauses the language is that it must affect threaten or endanger the National Forest property and I think that that is a it may be a disagreement about what the purpose of the regulation that mr. Parker was charged with is he was charged with conducting a business activity without a special-use permit okay this case is not about the regulation of snowmobiles it's about the regulation of business activity right well it translates into the same thing doesn't it well I don't think that that's the distinction it makes that's why in the free enterprise canoes it was important that the that the circuit when they ultimately decided that the activity could be regulated based that the research and the studies that the that the Park Service had done as well as the specific language that in free enterprise canoes was within the boundaries of which does not occur with the regulations at issue here but because the there had been some factual support and the Park Service in free enterprise canoes was making an argument that we are regulating the the actual use of canoes on the on the in the ONSR the scenic riverway I think the Ozark National Scenic Riverway that that's the distinction that would make there there hasn't been any any argument or distinction here between the use of snowmobiles that are rented by private individuals and the use of snowmobiles that are owned by private individuals trying to get the facts straight because I'm not clear on this point the place where your client was dropping off the snowmobile riders I've seen the pictures okay I've never been to that place okay they're gonna go into the forest on the snow yes so our position is that while they're on the roadway of salmon Lissac roadway that that's where the exemption applies which exemption the public roads exemption the the definition of a national forest system road specifically excludes roads that are authorized by a a easement that's held by basically a city or county that says other public road authority I'm not sure exactly so just to get your point then they can there's not any snow on the road but there's snow in the national forest system that's where they're gonna go right but they're gonna go in there and you say well that doesn't matter because they're just on the road when they get dropped off that's correct and and that's a result of the of the of the regulations that the Forest Service promulgated they excluded the county road from the operation of this part okay hang on but I just want to get the rest of the facts straight so is it let's say that I had my own snowmobile and I just got dropped off there no business being involved can I am I allowed to go snowmobile in there that's not an issue in this case because the there were regulations governing the the the actual use on what we would consider the the national forest lands was never an issue we do not doubt that the Forest Service could regulate what's the answer are people allowed to snowmobile in that area I do people do snowmobile in that area but they are they doing so legally yes the the area is this is kind of off the record but the area is set up for snowmobile recreation in the National Forest so yeah I see I thought that fact helped you know I was kind of confused why you were saying it doesn't matter because I thought your argument relying on the Eighth Circuit case and relying on our case in in Lindsay was that the government never showed that regulating your client's business even if he was dropping people off to go snowmobile in this area was reasonably necessary to protect the forest because people can go snowmobile there anyway that that's correct and that's why we're characterizing this as a business regulation as a revenue regulation rather than a conservation or protection of the Forest Service of Forest Service property and that's why that relates back to a to which has to affect the property or this doesn't affect the property what mr. Parker was doing doesn't affect the property in any way differently than a private snowmobile owner going out there and it doesn't say it has to affect it differently if the language is affects threatens or endangers and isn't that a judgment of the service as to whether having multiple known multiple drop-offs as opposed to individuals and they know what's there can't they make that judgment I think they can make that judgment and the distinction that that we're making and the reason that free price is so important to us is that the Park Service in that case did make that judgment and then they amended the regulatory scheme in that case to include the language within the boundaries of the ONS are and that was one of the two crucial points for the 8th Circuit in deciding that that that the canoe rental business could be regulated because the within language evidence to clear intent on the part of the Park Service to regulate that activity and to they had made that factual showing regarding the studies they had done in the surveys they had done showing that the proliferation of canoe rental businesses in the area was having an adverse impact and effect on the recreational and the conservation aspects that that sort of factual showing here is is just not it doesn't exist what did the government produce in terms of its I remember the magistrate judge's decision said well I can imagine you know the following negative effects but did the government actually produce evidence of what they were no there was no discussion at the trial of the private use of the use of snowmobiles by private owners but that but to me that's irrelevant if they violated this regulation doesn't matter maybe that private people are violating I don't know there could be a different regulations but if they violated this regulation or if there's authority to regulate what does it matter that there might be private snowmobiles I'm missing your point well I well I think that it's significant that we go back to the fact that there is a specific provision in 261 a that exempts seems to exempt the county road from the operation of the part going around in circles if it if you say seems to exempt and then we come back to the affected threatened or endangered national forest property and I think that I would address that your honor by saying that there there has to be some kind of a limit to to how far that effect in danger could go and that's why I think when I started my to the effect threatener and danger that I said that it was related to the Lindsay doctrine and the property clause cases because I think that it's probably just a codification of those principles and I think in my briefing I mentioned that Justice Holmes in the case that was relied on and in Lindsay said that it's not the danger depends on the nearness of the fire not the property so the distinction that I'm trying to make is that the only property that's being affected by the fact that this is a rental business rather than a private use of snowmobiles is the money that the Forest Service wants to get for Mr. Parker and that's not their money yet there's no there's no difference in the effect on the Forest Service property at the point in time that the snowmobile use occurs what is is that a is that a constitutional argument you're making what is that argument well I think that it's kind of a purpose of the regulation argument the the Lindsay cases the property clause cases do indicate that there has to be some kind of a showing that it's reasonably necessary to to for the protection of the public land that's why justice home saying you know it's about what you're doing that obviously the danger presented by somebody you know igniting a flammable material next to a national forest is is clearer than the danger presented to somebody renting snowmobiles and and I I understand it's probably one of the the difficult things about this case is drawing that line or making that distinction but there really isn't any distinction between somebody say who was renting snowmobiles out of the business in Seattle and that effect on the the National Forest Service system if somebody brought them up there well he knew what he was doing I mean it seems so the notion I'm just looking back at your brief to see what was raised notion that it's unconstitutionally vague as applied to his conduct is a little hard to reconcile given he knew exactly what he was doing and he's of course taking the position I'm staying on the road and I should probably move on to that just briefly your honor those are the other arguments that I made the unconstitutionally vague or two and a half minutes so you can use it how you wish it and the unconstitutionally vague arguments just based upon the fact that it's actually not our position our position is that they're the Forest Service has abdicated jurisdiction and that are you dropping the constitutional or no we're I'm explained trying to explain why it's properly brought up at this point we couldn't we couldn't bring it up in the crowd court because it wasn't our position then so it's sort of in the alternative our position has always been still is that the Forest Service doesn't lack jurisdiction but if the government's correct you have the problem that there's the statute that says the county roads are exempt from the application of the part that the charges are based on and and now he's being charged with violations that occurred on the county roads I just wanted to touch take you back a minute the violation they got out on the county road and he got they got on the snowmobiles they didn't stay on the county road there was no snow on the county road they went into the National Forest right the the renters of the snowmobiles went on to the went into the National Forest right okay just wanted to be clear that's at that point our argument is that there's no distinction between a private owner and a renter at that point that mr. Parker has already conducted this business activity that's our main issue so okay so the snowmobile riders they go into the forest and then there's there like a designated pickup time they come back and a truck comes back that I don't think that that was put on the record but my understanding would be that that they would be picked up on the salmon Lissac road as well the on the any evidence of commercial activity there there is evidence that there was a mr. Parker's truck was there that there were other snowmobilers there there's a characterization the government's brief that they were customers of mr. Parker but there's really nothing other than the fact that they were there and mr. Robert off for service officer Robertson did say that they followed mr. Parker but they were at the Cooper River Road Junction so the place for salmon Lissac and Cooper River Road and there were other trucks I believe that in in the in the government's submitted exhibits is that really an issue in the case whether they were renting those snowmobiles all those guys can there's a big truck full of snowmobiles there were there was only one vehicle that officer Roberson identified as belonging to mr. Parker and mr. officer Roberson was familiar with mr. Parker's vehicles there were other vehicles that were there mr. Parker himself said I'll take the ticket no that was on that was for count for the substance of count to I believe you're on I see count three or count five is the count that the sufficiency of evidence argument applies to and and on that occasion there's no statement for mr. Parker there's no there's nothing other than the fact that there are other people there and officer Roberson's testimony they appeared to follow him he doesn't say that mr. Parker led them you know wave his hand that's not in his testimony simply that they were there and that when when he left that they left concurrently thank you thank you may it please the court my name is Russ smooth and I represent the United States in this matter I know that initially it was another a USA from our office was on the list and I apologize for any flaw in our notice of this last-minute change got your name on here now so thank you um first off I just want to say that you know while the factual context of this case is about snowmobiles it's really not about snowmobiles it's simply about business activity being conducted within National Park or specifically a national forest system it could be about cross-country skiing it could be about mountaineering it could be about anything that has been deemed operating a business or a service within the National Park now so what does that mean in terms of some of the discussion that the court had about individuals using snowmobiles or individuals on their own skiing or climbing or hiking honestly I don't really know can you just clarify so is the closing counsel right that people are allowed to ride snowmobiles in that area I do not know for sure I have no reason to doubt that people are allowed to do that I would note that it's interesting upon reading the magistrate courts written order following the trial magistrate court cites an unpublished decision from this court that notes that an individual was cited somewhere and I don't know if that was even in the state of Washington but somewhere was cited for riding snowmobile in a closed area so it's not valid why you're not why you don't know the answer to this I guess I thought it was critical to the government's case under the 261.182 theory that you would be able to show that what the defendant is doing it says affects but I would say negatively affects negatively affects threatens or endangers this Forest Service land right well I don't think that there's a number of quite a bit of discussion was was made in fact in the written discussion was case like concerning starting fires and that's a very vivid example we can all say absolutely that's endangers or threatens the forest but I don't think that we can simply discard the word affects do we know exactly what affects means I don't know it's it's a value judgment and the fact that if we know it's talking about having some kind of a negative impact right I mean this this regulation is protect and preserve the land that's been set aside for the public so for example if this were a closed area and the defendant were you know was bringing bunches of snowmobile riders who were just trashing this otherwise pristine area I think all of us would agree yeah that certainly would seem to fit the bill but on the other hand if this is a an area that is heavily used by snowmobile riders anyway and the defendant's contribution in terms of bringing these 15 people to it is de minimis then I guess I'd have a hard time understanding how the language of the regulation fits this case well that's why I would indicate that the regulation is not specific to snow mobiles but is specific to business entities and at some point in in enacting the regulations it was determined that a business entity would somehow be treated different than an individual now while it was not part of the record so I can't speak specifically to this particular location as to whether there are any again outside of the record that there are quite often individual non-business entity fees for use of public parks or whether their state or whether their national parks such as this so I I think it's a it's a fair inference to take from the term effects is that at some point in enacting these regulations that it was determined that business entities while they didn't draw a line on any specific amount of people they said that okay so the increase that today to take opposing counsel's hypothetical that the defendant's business is in Seattle and he his entire business is in directing people to this very specific spot he gives them a map tells them exactly how to get there and this is what you're going to do and so the exact same impact occurs it's the same 15 snowmobile riders get there just that he's he's the one directing them instead of dropping them off you would have to take the position I assume that yeah sure the Forest Service has to be able to regulate that right yes and no it's not a very good answer but I think that it certainly would be something that could be evaluated in terms of whether or not it would fit the snowmobile business owner in Seattle's actions have done would he would he meet the elements of actually conducting business within the National Park now no I'm not talking about I'm not talking about a1 I'm talking about a2 all right I hear you there is a separate theory you could pursue under a1 but I'm not about a2 the business in Seattle you would say a2 covers that if if that if that if I say the defendant or if the business owner was conducting his business in a manner that was saying I am renting you a snowmobile to go right to this place and this is where you're doing business it may meet the definition of the regulation the reason why I say yes and no and then it may meet the definition that would I think that's a closer call for the trier of in this case there is no question about the fact that the business owner was actually conducting business with in that location was present in that location within the park and was guiding and or conducting tours or was along with the riders during the tours so on the reasonable doubt scale the person in the affecting theory but in this case the facts are so much stronger that mr. Parker was in fact that was the goal if not maybe that he took snowmobile or riders to different locations but at least on February 2nd and December 15th that was the whole objective and purpose of the business activity so again in his case yes effects in the exam the hypothetical example maybe yes maybe no it's a closer call for the trier of fact depending on the exact actions of the business owner in Seattle we do have on the Forest Service Road I mean this isn't a Forest Service Road but did they wrote the question is does it relate to lands underlying these routes what is the government's position on that I believe that it does your honor and this is why and this may be plays into the definitions and why there may be two different definitions concerning forest roads and while there's an additional I guess definition of forest National Forest System which includes all it quote all of the lands within that boundary there's the road is on Forest Service land this is a situation to where there may be an easement for public access and in terms of it being a county road or something to that effect in this case it is or another for in other National Forests but the land itself is still within the boundary and the Forest Service land it's not a situation to where there's the Okanagan Wenatchee National Forest on this side of salmon the sack road and there's the part two of the forest on this side it encompasses the whole thing so our primary position is even within that whole area it fits the bill it fits the definition of acting within the or the conduct taking place within the Forest Service system in fact as maybe as a decide that maybe it is in fact as relevant is that the defendant was not as the court brought up the snowmobiles went off into the forest that was the purpose of it the road itself from the exhibits it had some snow on it but it looked more bare than snow at least in the areas that the photographs were taken the court found the defendant guilty of operating a business within the Forest Service system where he necessarily parked whether or not there's jurisdiction which we contest we believe that there is jurisdiction but even if there isn't I don't see how this would be any different than if if a business entity parked outside of the on a complete on a road that's completely has nothing to do with the Forest Service but then brought the snowmobiles or whatever business entity on to the forest in this case it was encompassed within the forest and the actual offenses to which the defendant was found guilty of was operating within this forest system so under under a 1 not a 2 I believe that a that absolutely under a 1 and a 2 could also apply it's much like when we look at the categorical approaches that always confuse us I think we can apply it under both in this in this case and again I think consistent with the case law from this circuit that just because the Forest Service is granted an easement which is not the easement that was produced in exhibit a but just because they've somehow allowed a county to have access to a county road through the property doesn't divest them of enforcement jurisdiction for regulations would you address his specific argument on count five and sufficiency which he again pick this up and took some notes on that most of my quite frankly most of my notes in this argument come from the magistrate's court specific findings in its were content what are contained in er 2 through 19 concerning the trial but in count five first officer Roberson observed the same type of circumstances as he had observed on February 2nd 2011 he'd observed the same type of those same type of circumstances were consistent with what he knew the defendant's business to be within the National Forest and then specifically on the Ranger Roberson not only observed the defendant's truck the Ranger observed the defendant himself that was the incident where the defendant placed a helmet on his head and as soon as he saw the Ranger which certainly based on their history we can assume that he recognized the Ranger that he fled the scene the court any trier of fact can certainly take reasonable inferences from a defendant or or a suspect I should say at that point fleeing the scene after being while being approached by a Ranger and finally that the Ranger observed the about approximately the same amount of snowmobiles it is very possible as we always have arguments within a trial circumstance that well maybe that particular time the defendant the defendant did not rent his services out but that is simply becomes a question for another court to maybe fall a different way on the magistrate court after hearing all the evidence of the case including the events that occurred on the 15th and that were consistent with other time periods and especially I think it's significant the 15th would support the magistrate courts trier of facts finding that that offense was committed on that day I think the briefing addresses the other issues I can certainly answer questions but I sense that the court was concerned more about the issues that it's erased thank you thank you thank you your to the court that from the beginning of this case the thing that's puzzled me is what that County State Road exemption means or does under the government's theory if there's clearly a a definition that says that if it's an easement held by a count state county or public road authority that it doesn't apply that it's not a national forest system road and then that very term gets inserted in the applicability like where do these violations apply that very term gets inserted in there I the the the puzzling thing is why that's in there what does it do if it doesn't do what we're saying it does thank you thank you both for argument will be in United States vs. Mendez
judges: Rothstein, McKEOWN, WATFORD